# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Jesse Palmer,
    Petitioner,

vs.                            Case No. 1:09cv258
                                  (Dlott, C.J.; Black, M.J.)

Warden, Madison Correctional
Institution,
    Respondent.[1]

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody who is currently incarcerated at the Madison Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 1). This matter is before the Court on respondent's motion to dismiss filed July 9, 2009 (Doc. 6), petitioner's reply in opposition to the motion to dismiss (Doc. 10),[2] and various pleadings filed pursuant to the Court's request for supplementation of the record (Docs. 14-16).

---

[1] Because petitioner was incarcerated at the Lebanon Correctional Institution (LeCI) when the instant action commenced, he properly named LeCI's Warden as respondent in the petition. (*See* Doc. 1). Petitioner has informed the Court that he is now incarcerated at another Ohio penal institution, Madison Correctional Institution (MCI) located in London, Ohio. (Doc. 13). Because it now appears that MCI's Warden is the individual who has custody of petitioner, the caption of this case is hereby changed to reflect that MCI's Warden has replaced LeCI's Warden as the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] By separate Order issued this date, petitioner's motion for extension of time in which to file a response to respondent's motion to dismiss (*see* Doc. 9) was granted.

## Procedural Background

On July 15, 2005, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with two counts of aggravated vehicular homicide in violation of Ohio Rev. Code § 2903.06(A) and one count of involuntary manslaughter in violation of Ohio Rev. Code § 2903.04(B). (Doc. 6, Ex. 1). The charges stemmed from the following incident, as summarized by the Ohio Court of Appeals, First Appellate District, in affirming petitioner's conviction on direct appeal:[3]

> The record shows that a red car struck Sheena Peeples as she crossed the intersection at Colerain Avenue and Bank Street. Her body flew high in the air before it fell and her head struck the roadway. She died almost immediately from head injuries.
>
> Palmer was the driver of the car. Bystanders at the scene confronted him after he hit Peeples and assaulted him. Police arriving on the scene saw that he had facial injuries. He also appeared to be extremely intoxicated. He was staggering, smelled of alcohol, and had watery, bloodshot eyes.
>
> The police officers arrested Palmer and, due to his injuries, took him to the hospital. Officer Michael Flamm questioned him at the hospital. He admitted hitting Peeples, but denied that he had been drinking. Flamm noticed that he smelled of alcohol and that he had bloodshot eyes and slurred speech.
>
> Palmer refused to take the blood test. The doctors at the hospital had ordered blood tests as part of his treatment. Flamm obtained a search warrant to obtain Palmer's blood sample from the hospital. Laboratory tests by the coroner's office showed that his blood alcohol

---

[3] The state appellate court's factual findings quoted herein are presumed correct under 28 U.S.C. § 2254(e)(1), which provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has made no such rebuttal showing in this case.

level was .232 grams per 100 milliliters, over three times the legal limit of .08.

(*Id.,* Ex. 12, p. 2).

Prior to trial, petitioner filed a motion to suppress the laboratory blood tests that were taken at the hospital to determine his blood alcohol level following his arrest. (*Id.,* Ex. 2). After a hearing, the trial court denied the motion based on its finding that petitioner's "blood sample was collected, handled and tested in substantial compliance [with state law requirements]." (*See id.,* Ex. 5).

The matter proceeded to trial before a jury, which found petitioner guilty of two counts of aggravated vehicular homicide. (*Id.,* Ex. 7).[4] On August 31, 2006, petitioner was sentenced to consecutive prison terms totaling 11 years on the two charges. (*Id.*).[5]

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising five assignments of error:

1. The Trial Court erred to the prejudice of Palmer and abused its discretion when it partially overruled his Motion to Suppress Evidence of blood alcohol test results [because the State failed to demonstrate in numerous instances substantial compliance with the Ohio Department of Health Regulations for bodily substance testing, as set forth in Ohio Administrative Code § 3701-53-05].

2. Palmer was denied due process of the law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by the improper conduct of the prosecutor in the opening and closing argument. The Trial Court erred by denying defendant's Motion for Mistrial.

---

[4] The involuntary manslaughter charge was dismissed. (*See* Doc. 6, Exs. 7-8).

[5] Specifically, petitioner was sentenced to consecutive prison terms of seven years on the first aggravated vehicular homicide count and four years on the second count. (Doc. 6, Ex. 7).

3

3. The Trial Court abused its discretion and erred to the Defendant-Appellant's prejudice when it overruled his requests for properly filed jury instructions.

4. The evidence presented at trial was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Palmer's conviction for Aggravated Vehicular Homicide.

5. The Trial Court erred to Palmer's prejudice in sentencing him to consecutive prison terms on Counts One and Two [because the counts should have merged as offenses of similar import].

(*Id.,* Exs. 9-10).

On December 21, 2007, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 12).[6]

Petitioner's trial counsel timely appealed to the Supreme Court of Ohio, asserting as the sole proposition of law that "[w]hen the trial court enters multiple convictions and imposes multiple punishments **in sentencing for each Aggravated Vehicular Homicide Count involving the same conduct regarding one victim and action**, it violates the Appellant's Constitutional Rights to be free from Double Jeopardy." (*Id.,* Ex. 13; Ex. 14, p. 3) (emphasis in original).[7] On December 9, 2008, the Supreme Court of Ohio, "on the authority of *State v. Brown*[, 895 N.E.2d 149 (Ohio 2008), *cert. denied,* 129 S.Ct. 1356 (2009)]," reversed "the court of appeals' holding on appellant's fifth assignment of error ... to the extent that the two counts of aggravated vehicular homicide ... were held to not be allied offenses of similar import;" the case was remanded to the trial court for "further proceedings consistent with *State v. Brown*." (*Id.,* Ex. 16).

---

[6] One of the judges on the three-judge appellate panel dissented from the majority ruling on petitioner's fifth assignment of error based on his belief that the consecutive sentences imposed for "the same conduct" violated the Double Jeopardy Clause.

[7] Counsel also filed a motion with the Ohio Court of Appeals, First Appellate District, for reconsideration or reopening of the appeal under Ohio R. App. P. 26(B) with respect to the fifth assignment of error. (*See* Doc. 6, Ex. 19). The motion was overruled "for want of jurisdiction" on September 24, 2008 in light of the then-pending appeal before the state supreme court. (*See id.,* Ex. 21). Petitioner did not pursue a further appeal from the appellate court's decision. (*See id.,* Brief, p. 5).

4

In the meantime, on May 5, 2008, while the appeal filed by counsel was pending before the state supreme court for ruling, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' December 21, 2007 direct appeal decision. (*Id.,* Ex. 17).[8] Petitioner argued in support of the motion that his counsel was ineffective in failing to raise all of the claims asserted on direct appeal to the Ohio Court of Appeals as he had requested in a letter dated January 11, 2008 to his counsel; that he did not received the "actual documents filed ... by appellate counsel ... until February 8, 2008;" and that he had sought leave to amend his memorandum in support of jurisdiction to add the omitted claims of error, but that the documents received by the Clerk of Court on March 11, 2008 were returned to him by letter dated the same date because "[t]he time for filing an amended memorandum in support of jurisdiction ... expired on February 4, 2008." (*See id.,* "Affidavit In Support Of Motion For Delayed Appeal" & Exs. B-E).

On June 18, 2008, the Supreme Court of Ohio denied petitioner's motion for delayed appeal and dismissed the matter without opinion. (*Id.,* Ex. 18).

Represented by the same attorney, petitioner was re-sentenced in accordance with the Supreme Court of Ohio's December 9, 2008 remand order on March 23, 2009 after a hearing held on March 19, 2009. (*See id.,* Ex. 24; *see also* Doc. 15). The trial court merged the two aggravated vehicular homicide counts and sentenced petitioner to an eight (8) year prison term. (Doc. 6, Ex. 24).

With the assistance of his counsel, petitioner timely appealed the trial court's re-sentencing decision to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 25). Petitioner asserted as the sole assignment of error that the "trial court erred to the substantial prejudice of Palmer when it rendered a vindictive, disproportionate and excessive sentence." (Doc. 14, Ex. 2). On January 20, 2010, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Ex. 4).

---

[8] In addition, on October 2, 2008, while his appeal was pending before the Supreme Court of Ohio for ruling, petitioner filed a *pro se* motion to vacate his conviction with the trial court, arguing that the court had "err[]ed to my prejudice by allowing an indictment that resulted in a Structural Error as it omitted the required Mens Rea." (Doc. 6, Ex. 22). The trial court denied the motion on October 15, 2008. (*Id.,* Ex. 23). Apparently, petitioner did not pursue an appeal from this decision. (*Id.,* Brief, p. 5). Moreover, the claim alleged in the motion to vacate has not been asserted as a ground for relief in the instant federal habeas corpus action.

5

Petitioner states in a motion, which is construed as a notice to the Court, that he will not be pursuing an appeal from the Ohio Court of Appeals' most recent entry affirming the trial court's re-sentencing decision; he, instead, "would like for this court to move forward on my Habeas Corpus." (Doc. 16).

Petitioner commenced the instant habeas corpus action in April 2009 during the pendency of his appeal to the Ohio Court of Appeals from the re-sentencing decision. He alleges the following grounds for relief:

> **Ground One:** The Trial Court erred when it overruled my Motion to Suppress Evidence of Blood Alcohol Test Result.
>
> **Supporting Facts:** During trial officer Michael Flamm testified under oath that he forged Nurse Lemmon's signature on the tube of blood.
>
> **Ground Two:** I was denied Due Process of Law by way of Prosecutor Misconduct.
>
> **Supporting Facts:** Motion to Suppress was granted in part[.] Prosecution used suppressed portion of evidence that was granted in part in his opening statement and again in closing statement. Attorney objected in both instance[s].
>
> **Ground Three:** The Trial Court abused its discretion and erred to my prejudice when it overruled my request for properly filed jury instructions.
>
> **Supporting Facts:** Attorney filed a pretrial motion for proper jury instruction[;] however, request was denied.
>
> **Ground Four:** I am requesting that this Court do a complete review of the record to determine whether there may be any other Constitutional Errors that I may have missed.

(Doc. 1, pp. 6, 8, 9, 11).

In response to the petition, respondent has filed a motion to dismiss. (Doc. 6). Respondent notes that the federal Court "does not have the power to conduct 'a complete review of the record to determine whether there may be any other Constitutional Errors that [petitioner] may have missed,'" as requested by petitioner in Ground Four of the petition. (*Id.,* Brief, pp. 6-7 n.3). In addition, respondent contends that Grounds One and Three are not cognizable in this proceeding, and that in any event, petitioner has waived the claims alleged in Grounds One through Three of the petition due to his procedural default in the state courts. (*Id.*, Brief, pp. 7-16). Petitioner opposes the motion to dismiss. (Doc. 10).

## OPINION

**The Motion To Dismiss Should Be Granted Because Petitioner Has Waived His Claims For Relief Due To His Procedural Defaults In The State Courts**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The claims must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a number of procedural defaults. First, he never presented the claim alleged in Ground Four of the petition, essentially requesting a review of the record for plain error, to the state courts. Second, although petitioner's counsel raised the first three grounds for relief on direct appeal to the Ohio Court of Appeals, he did not re-assert the claims as propositions of law in the timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' direct appeal decision.[9]

Finally, with respect to the claims alleged in Grounds One and Three of the petition, petitioner did not allege a federal constitutional violation, but only error under Ohio law in challenging on direct appeal the denial of his suppression motion and request for a jury instruction. (*See* Doc. 6, Ex. 10). Because a federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law," this Court is precluded from reviewing any such claims of state-law error. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). To the extent that petitioner now seeks to allege federal constitutional violations in Grounds One and Three, he committed a procedural default by failing to frame the issues as constitutional issues on appeal in the state courts. *See, e.g., McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987) (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir.

---

[9] The Supreme Court of Ohio was never provided the opportunity to consider the claims that were omitted from the timely appeal, because petitioner's later *pro se* attempts to include them in an amended jurisdictional memorandum and to obtain review of them in a separate delayed appeal were unsuccessful. (*See* Doc. 6, Exs. 17-18).

1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).[10]

Therefore, the Court concludes that because petitioner did not fairly present any of his federal constitutional claims to the state supreme court, he has waived all cognizable grounds for relief alleged in the petition unless he can show cause and prejudice for his defaults or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 485; *Engle,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Here, petitioner has not established cause for any of his procedural defaults in the state courts. First, assuming, *arguendo,* that petitioner's request in Ground Four for plain error review of the record is even cognizable in this proceeding, petitioner has not given any reason for his failure to assert such a claim to the state courts. In addition, with respect to the claims alleged in Grounds One and Three of the petition, petitioner has not provided any explanation for his failure to fairly present them to the state courts as federal constitutional issues subject to federal habeas review, as opposed to non-cognizable state-law claims.

In his *pro se* motion for leave to file a delayed appeal to the Supreme Court of Ohio, petitioner did argue as "cause" for his procedural default of claims not presented in the timely appeal filed by counsel that his counsel was ineffective in failing to honor his request to assert all claims that had been raised on direct appeal to the state supreme court. Although it is well-settled that appellate counsel's ineffectiveness may constitute cause for a procedural default occurring in an appeal as of right to the Ohio Court of Appeals, *see Murray,* 477 U.S. at 488-89, attorney error amounting to ineffective assistance cannot constitute cause "where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal." *Tanner v.*

---

[10] A state appellate court deciding whether a trial court abused its discretion or otherwise committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounts to a constitutional due process violation. *Petrucelli v. Coombe,* 735 F.2d 684, 690 (2nd Cir. 1984) (citing *Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir. 1982), *cert. denied,* 460 U.S. 1053 (1983)). In this case, the Ohio Court of Appeals was the only state appellate court that issued a reasoned decision addressing petitioner's claims in Grounds One and Three on the merits. Because the court was not made aware of any constitutional concerns, it addressed and determined the issues as argued by petitioner, solely in terms of state law, in concluding that the trial court did not abuse its discretion or err as a matter of state law in denying his suppression motion and request for a jury instruction. (*See* Doc. 6, Ex. 12, pp. 3-6, 7-8).

*Jeffreys,* 516 F.Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh,* 240 F.Supp.2d 708, 714 (N.D. Ohio 2002), in turn citing *Coleman,* 501 U.S. at 751-53); *see also Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982); *Ross v. Moffitt,* 417 U.S. 600, 616 (1974); *Hernandez v. Greiner,* 414 F.3d 266, 269-70 (2nd Cir. 2005) (relying in part on *Halbert v. Michigan,* 545 U.S. 605, 619-20 (2005), which distinguished between a first-tier appeal and a second-level discretionary appeal, in concluding that "the existence of a constitutional right to counsel on a second-level appeal is in doubt; the existence of the right on a *discretionary* second-level appeal is still further in doubt; and it is only slightly less doubtful that the right exists as to a second-level appeal available to a litigant after judicial discretion has been exercised to permit such an appeal") (emphasis in original); *Anderson v. Cowan*, 227 F.3d 893, 900-01 (7th Cir. 2000).[11]

In any event, even assuming that counsel's alleged ineffectiveness on discretionary review could be argued as cause for petitioner's procedural default, petitioner has not shown that his counsel was ineffective in failing to include on appeal to the Supreme Court of Ohio the claims alleged in Grounds One through Three of the petition, which were presented to and unanimously rejected by the three-judge intermediate appellate panel.

To establish that his counsel was ineffective under the applicable two-part standard established by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), petitioner must demonstrate *both* (1) his attorney made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth

---

[11] *Cf. Garrett v. Moore,* No. C-1-05-102, 2007 WL 315093, at *1, *5 (S.D. Ohio Jan. 30, 2007) (Weber, S.J.; Hogan, M.J.) (unpublished) (holding that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, petitioner was unable to establish that the ineffectiveness of his counsel, who represented him on discretionary appeal to the Supreme Court of Ohio, in failing to assert all the claims of error that had been raised to the Ohio Court of Appeals, constituted cause for his procedural default); *Whittsette v. Gansheimer,* No. 1:08cv245, 2008 WL 4682656, at *3-4, *9-11 (N.D. Ohio Oct. 22, 2008) (unpublished) (same); *Wright v. Bobby,* No. 1:05cv02870, 2008 WL 2484170, at *1, *17-18 (N.D. Ohio June 17, 2008) (unpublished) (same). *Contrast Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433-35 (6th Cir. 2006) (holding that the constitutional right to effective assistance of counsel during a direct appeal as of right does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the proceeding; such a claim of ineffectiveness on the part of petitioner's appellate counsel is not raised in the instant proceeding).

Amendment; and (2) counsel's deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687. Here, petitioner has not shown, as required under the first prong of the *Strickland* test, that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688.

Appellate counsel is not constitutionally ineffective under this prong merely because he declines to raise a non-frivolous issue on appeal that was requested by the defendant. *Sharp v. Puckett,* 930 F.2d 450, 452 (5th Cir. 1991) (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983) (holding that an "indigent defendant [does not have] a constitutional right to compel appointed counsel to press nonfrivolous points [on appeal] requested by the client")); *see also Johnico v. Chrones,* 187 Fed.Appx. 701, 703 (9th Cir. June 9, 2006) (not published in Federal Reporter) ("Appellate counsel has no duty to raise every single issue requested by a defendant."), *cert. denied,* 549 U.S. 1037 (2006). As the Supreme Court stated in *Barnes,* 463 U.S. at 754:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

"Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52); *see also Coleman v. Mitchell,* 268 F.3d 417, 430-31 (6th Cir. 2001), *cert. denied,* 535 U.S. 1031 (2002). It is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim on direct appeal; however, "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins,* 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)); *see also Wilson v. Hurley,* 108 Fed.Appx. 375, 379 (6th Cir. Aug. 30, 2004) (not published in Federal Reporter), *cert. denied,* 543 U.S. 1160 (2005).

The undersigned has reviewed the record, including the parties' appellate

briefs and the Ohio Court of Appeals' decision on direct appeal (*see* Doc. 8, Exs. 10-12), and finds that petitioner's counsel provided effective assistance by focusing on petitioner's strongest claim, which had elicited a dissent from a member of the appellate court panel, and by winnowing out the other claims which were reasonably and unanimously rejected by the appellate court. Indeed, upon review of the record, the undersigned is persuaded by the Ohio Court of Appeals' assessment of the merits of those claims and its ultimate determination that (1) the State substantially complied with Ohio's regulations governing the testing of bodily substances, and therefore, the trial court did not err in overruling petitioner's motion to suppress the blood test results; (2) the specific comments challenged by petitioner in support of his prosecutorial misconduct claim were not so egregious as to deprive petitioner of a fair trial; and (3) the trial court did not err in failing to give petitioner's proposed jury instruction–i.e., that "[a] pedestrian must not walk on a highway if she is under the influence of a combination of alcohol and a drug of abuse to a degree that makes her a hazard"–because the evidence did not show that the victim was under the influence to a degree that made her a hazard, and because as a matter of state law, the victim's alleged contributory negligence was not a defense to the vehicular-homicide charge where it was not shown that the victim's actions were the sole cause of the accident. (*See id.,* Exs. 10-12).

Accordingly, in sum, petitioner is not entitled to habeas relief based on the claims alleged in the petition, which are barred from review due to his procedural defaults in the state courts. Petitioner has not established cause for his defaults sufficient to overcome the procedural bar to review of his constitutional claims for relief. Therefore, in the absence of any showing that a fundamental miscarriage of justice will occur if his claims are not considered herein, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 6) be **GRANTED**, and that petitioner's habeas corpus petition (Doc. 1) be **DISMISSED** with prejudice on procedural waiver grounds.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (Doc. 6) be **GRANTED,** and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief, which this Court has concluded are all barred from review on procedural waiver grounds; under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[12]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  2/18/10                              s/Timothy S. Black
    cbc                                      Timothy S. Black
                                             United States Magistrate Judge

J:\BRYANCC\2010 habeas orders\09-258grant-mtd.waiv-OHSct-fedQ.nocause-IAACdiscrapp.wpd

---

[12] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Jesse Palmer,
    Petitioner

vs                                  Case No. 1:09cv258
                                     (Dlott, C.J.; Black, M.J.)

Warden, Madison Correctional
Institution,
    Respondents

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).